UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DEBIAS,

    Plaintiff,

v.                              Case No. 05-73809

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                         /

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On November 27, 2006, Magistrate Judge Mona Majzoub issued a Report and Recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment, and deny Plaintiff Nicholas Meade's motion for summary judgment. On April 13, 2006, Plaintiff filed timely objections to the Magistrate Judge's report and recommendation. The court will deny Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion for summary judgment, and deny Plaintiff's motion.

## I. STANDARD

### a. Substantial Evidence Standard

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the

denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### b. Timely Objections and De Novo Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447

U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . .  [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

Plaintiff timely filed a document called "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation."

After an introductory paragraph, Plaintiff repeats medical and administrative history as set forth in his motion for summary judgment (¶ 2), alleges generally that "the medical evidence of record demonstrates the existence of a medical condition that can reasonably be expected to give rise to the Plaintiff's pain and limitations" (¶ 3), and concludes a fourth paragraph of additional medical history with this statement: "It is submitted that the Magistrate Judge's recitation of the medical history at pages 2-6 of her report is incomplete."[1]

In the next eight paragraphs, Plaintiff recites more medical history, also as contained in the original motion. Plaintiff returns to a brief mention of the Magistrate Judge in the next paragraph; he states that "the Magistrate Judge reported that the ALJ's determination that the objective medical evidence supported her conclusion that the Plaintiff could perform sedentary work activity, despite claims of disabling pain (¶

---

[1] The fourth paragraph also contains a complaint that, although the Magistrate Judge cited a 2003 x-ray as evidence of mild disc space narrowing, she did not indicate that the x-ray was underexposed.  (Obj. at 2.)  Plaintiff does not indicate how the failure to indicate that the x-ray was underexposed, or the reliance on underexposed x-rays, constitutes an error.  The court finds nothing substantively incorrect in the Magistrate Judge's citation of the x-ray and does not accept Plaintiff's passing reference to it as an objection.

4

13).  On page five, Plaintiff asserts that the "Magistrate Judge cited examination findings between 1999 and March 2003.  The claim involved medical evidence through late 2004, including surgery."  (Obj. at 5.)  Although Plaintiff does not explain what medical evidence the Magistrate Judge did not cite, the implication of Plaintiff's assertion is that the Magistrate Judge ignored all medical documentation from 2004.  This is simply incorrect.  Plaintiff's review of the Magistrate Judge's report apparently did not include page 6, which cited medical documentation from May 2003 through 2004.

In the next paragraph, Plaintiff states that "the Magistrate Judge noted" a certain finding by the ALJ and the evidence cited by the ALJ for that finding.  In the final paragraph, Plaintiff argues as follows: "It is requested that the Court not adopt the Report and Recommendation of the Magistrate Judge."

After a careful search Plaintiff's document, with the exception of Plaintiff's mistaken belief that the Magistrate Judge did not cite medical evidence from 2004, the court is unable to locate a single objection to any fact the Magistrate Judge is alleged to have stated incorrectly or any legal analysis the Magistrate Judge is supposed to have mistakenly applied.  The court rejects Plaintiff's "objection" as a mere general objection, *Howard*, 932 F.2d at 508, and therefore determines that the Report stands without objection. The court's independent review of the Magistrate Judge's Report and Recommendation reveals a thoughtful restatement of the available medical history tending to support and tending to discount Plaintiff's claims, and a interpretation of that history in accord with the sequential analysis provided in 20 C.F.R. § 404.1520(a) - (e). The court will adopt the Magistrate Judge's Report and Recommendation as the determination of the court.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 10] are DENIED and the Magistrate Judge's November 27, 2006 report and recommendation [Dkt. # 9] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.  IT IS FURTHER ORDERED that Defendant's motion for summary judgment  [Dkt. # 8] is GRANTED and Plaintiff's motion for summary judgment  [Dkt. # 7] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 21, 2006, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522